UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 1:05-CR-58 |
| v. | Hon. Richard Alan Enslen |
| LYNN N. EALY, | |
| Defendant. | **ORDER** |
| _____/ | |

Defendant Lynn N. Ealy, who has been represented by counsel in this matter, recently filed four *pro se* motions–Motion for Writ of Habeas Corpus, Motion Challenging Juror Qualification, Motion for Void Judgment and Motion to Dismiss Indictment and Conviction. The motions were discussed during Defendant's sentencing hearing, at which time counsel indicated that he had discussed the motions with Defendant and had told him that the motions were frivolous. Notwithstanding such warnings, Defendant has now filed the motions *pro se*. Neither response nor oral argument is necessary to resolve the motions.

Defendant's Motion for Writ of Habeas Corpus was filed notwithstanding that defense counsel indicated at the time of sentencing that Defendant intended to appeal his sentence. As such, the Motion for Writ of Habeas Corpus will be denied without prejudice as premature. *See, e.g., Jenkins v. United States*, 394 F.3d 407, 409 (6th Cir. 2005); *Dunlap v. United States*, 250 F.3d 1001, 1010 (6th Cir. 2001). Such Motion should be renewed only after the appeal is finalized and/or the time for filing an appeal lapses without the filing of an appeal.

Defendant's Motion Challenging Juror Qualification is governed by 28 U.S.C. § 1867. Because Defendant knew the basis for his challenge at the time of trial (as indicated during sentencing), his failure to pursue the challenge at that time renders his motion untimely under the limitation expressed in subsection 1867(a). Further, Defendant has failed to file a supporting affidavit as required by subsection 1867(d). Finally, the content of the motion is wholly frivolous. Defendant contends that the jurors were disqualified because the Western District of Michigan is not a judicial district "ascertained by Congress" within the meaning of the Sixth Amendment to the United States Constitution. This argument appears based upon a deliberate misreading of Title 28 of the United States Code and ignores the explicit language of 28 U.S.C. § 102–establishing the Western District of Michigan as a federal judicial district.

Defendant's Motion for Void Judgment claims that his conviction is void because he was not domiciled within a federal judicial district and did not make "income." This argument is frivolous and based upon Defendant's misreading of legal authorities involving both the tax laws and the jurisdiction of the federal district courts. *See generally Boyce v. Comm'n of Internal Revenue*, T.C. Memo 1996-439, 1996 WL 540114 (U.S. Tax. Ct. 1996) (citing cases). There is no basis for concluding that the Western District of Michigan lacked jurisdiction over him. The trial record shows that he earned substantial income while residing within the Western District of Michigan and committed several acts of tax evasion within the District.

Defendant's Motion to Dismiss Indictment and Conviction asserts that he did not have a duty to pay taxes on his income. Defendant has understood the federal tax upon income, contrary to the terms of 26 U.S.C. §§ 61 & 63, to be limited to federal employees and/or federal entities. These arguments are not premised upon the statutory language, but upon the opinions of one Eduardo

Rivera. Mr. Rivera is an attorney licensed in California who in the past operated a website fostering tax protester ideology. He has been enjoined by the United States District Court for the Central District of California from assisting others in asserting such arguments because his legal positions are wholly frivolous. *See United States v. Rivera,* 92 A.F.T.R.2d 2003-6844 (C.D. Cal. July 18, 2003). Defendant's Motion based on that logic must be likewise denied.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Lynn N. Ealy's Motion for Writ of Habeas Corpus (Dkt. No. 57) is **DENIED WITHOUT PREJUDICE** as premature.

**IT IS FURTHER ORDERED** that Defendant's Motion Challenging Juror Qualifications, Motion for Void Judgment, and Motion to Dismiss Indictment and Conviction (Dkt. Nos. 58, 59 & 60) are **DENIED WITH PREJUDICE**.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
February 6, 2006   RICHARD ALAN ENSLEN
   SENIOR UNITED STATES DISTRICT JUDGE