UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 1:05-CR-58

v.

Hon. Richard Alan Enslen

LYNN N. EALY,

**FINAL ORDER**

        Defendant.
_____/

      Defendant Lynn N. Ealy has filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. The Government responded to Defendant's Motion on September 12, 2007 and sent a copy of its Response to Defendant the same day. Defendant has failed to timely reply. Argument or other hearing is unnecessary in light of the briefing.

      Defendant's Motion raises a single issue which he describes as follows:

> Income tax statutes apply only to state created creatures known as corporations, no matter whether state, local or federal, and can concern themselves with nothing other than corporate, artificial persons and the contracts between them. Produce the original equity contract that binds Lynn N. Ealy and the United States, or judgment is void for lack of jurisdiction.

(Mot. 5-6.)[1]

      Title 28 United States Code section 2255 provides in pertinent part that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the

---

[1] The Government's Response lists Defendant's former arguments on appeal as assertions in his Motion. (Resp. 1-2.) This is not a correct reading of the Motion because those issues were listed by Defendant in response to the question of what grounds were raised on pending appeals. (*See* Mot. 2-3, ¶ 9(f) & attach.) Nevertheless, the Court does agree with the Government's assessment that those arguments were and are frivolous.

> Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. . . .

28 U.S.C. § 2255 (West 2007).

Defendant's argument that tax liability arises as to individuals only based upon contracts with the Government is "utterly without foundation" and has previously been rejected repeatedly by the federal courts. *McLaughlin v. Comm'r of Internal Rev.*, 832 F.2d 986, 987-88 (7th Cir. 1987) (citing cases). Similarly, his notion that the District Court lacks jurisdiction to hear income tax evasion prosecutions is frivolous. *See United States v. Masat*, 948 F.2d 923, 934 (5th Cir. 1991) (citing cases). The District Court has jurisdiction to hear those prosecutions under 18 U.S.C. § 3231. *Id.* The Court rejects the sole issue raised in the Motion as frivolous.[2]

Pursuant to 28 U.S.C. § 2253, the Court must also assess whether to grant the issuance of a certificate of appealability to Defendant. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983), a certificate is to be issued if the resolution of the petition is debatable among reasonable jurists or adequate to deserve encouragement for some other reason. The Court has reviewed the sole ground asserted and determined that it is frivolous. There is also no reason to encourage a further waste of resources

---

[2] Defendant also appears to urge that his attorney rendered ineffective assistance of counsel by failing to raise such argument. It is obvious, however, that an attorney has an ethical duty not to raise frivolous arguments, *see* MRPC 3.1, and the failure to raise a frivolous argument cannot violate the *Strickland* standards nor cause prejudice warranting relief.

especially given Defendant's history of frivolous appeals.  The certification will be denied as to the sole issue raised in the Motion.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Lynn N. Ealy's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt. No.104) is **DENIED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

DATED in Kalamazoo, MI:  
October 1, 2007

　　　　　　　　　　　　　　　　　　 /s/ Richard Alan Enslen　　　　  
　　　　　　　　　　　　　　　　　　RICHARD ALAN ENSLEN  
　　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE